**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLENN DIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-cv-1546 |
| | ) | |
| CITY OF CHICAGO, OFFICER | ) | |
| CHRISTOPHER PARKER, Star # 6035, | ) | |
| OFFICER DERRICK MARTIN JR, | ) | |
| Star # 16026, OFFICER CLIFFORD | ) | |
| MARTIN JR, Star #18859, and OFFICER | ) | |
| ALEJANDRO VELEZ, Star #7857 | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, GLENN DIGGS, through his attorney, Jared S. Kosoglad, and complaining of the defendants CITY OF CHICAGO, OFFICER CHRISTOPHER PARKER, Star # 6035, OFFICER DERRICK MARTIN JR, Star # 16026, OFFICER CLIFFORD MARTIN JR, Star #18859, and OFFICER ALEJANDRO VELEZ, Star #7857, states as follows:

### INTRODUCTION

1.      This is a civil action seeking damages against the defendants for committing acts under color of law, and depriving the plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

### JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**PARTIES**

3.      PLAINTIFF GLENN DIGGS is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4.      DEFENDANTS PARKER, MARTIN JR, MARTIN JR, and VELEZ, ("Individual Defendants") were, at the time of this occurrence, a duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

5.      DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and during all times relevant, was the employer and principal of the Individual Defendants.

**FACTS**

6.      On May 1, 2023, in Chicago, Illinois, Defendants conducted a traffic stop of a third party, and Plaintiff was lawfully recording the traffic stop with his cell phone camera from across the street as he made statements critical of the police.

7.      Defendant Velez, for no legitimate reason, cross the street and approached Plaintiff, who told Defendant Velez to the effect not to touch him.

8.      Defendant Velez requested that Plaintiff produce identification, and Plaintiff asked Defendant Velez what he needed identification for.

9.      Defendant Velez replied that he needed identification because Plaintiff was walking on the street.

10.      Defendant Velez grabbed Plaintiff's left forearm without any lawful basis, and Defendant Velez told Plaintiff he was being detained for walking on the street.

11.      Plaintiff stated to the effect that the officers were not supposed to touch him.

2

12.    The officers told Plaintiff to produce identification, as Plaintiff continued to request the reason for his detainment.

13.    Plaintiff told the officers to let him go, and they did, telling him to produce identification.

14.    Defendant Velez told Plaintiff to the effect that if he did not produce identification, then he would go to jail, even though Plaintiff had no obligation to speak to the police or comply with orders to aid their unlawful investigation by producing identification.

15.    The individual defendants then arrested the Plaintiff without probable cause or any other lawful basis.

16.    Prior to Plaintiff's arrest, the individual defendants initiated the encounter for no legitimate or lawful police purpose, escalated the encounter for no legitimate or lawful police purpose, and applied force against Plaintiff for no legitimate or lawful police purpose.

17.    The individual defendants arrested the Plaintiff because he was recording the police and making statements critical of the police.

18.    Plaintiff has a First Amendment right to record the police peforming their public functions on a public street and to make statements critical of the police.

19.    By arresting Plaintiff, the individual Defendants retaliated against Plaintiff for exercising his First Amendment rights.

20.    The individual defendants subjected Plaintiff to differential treatment without any rational basis by treating him differently than other citizens because he was exercising his First Amendment rights.

21.    The individual defendants broke Plaintiff's thumb during his arrest.

22.    Subsequent to the arrest, the individual defendants created false police reports to justify their arrest.  Specifically, the following statements in their reports were false:

   a.  Officers observed Plaintiff "walking in the middle of the street obstructing the flow of traffic causing cars on the street to break and slide due to wet conditions."

   b.  Officers attempted to place Plaintiff in custody "when he started to flail his arms, stiffen his body, and pull away from" them.

   c.  Plaintiff was "actively resisting."

23.  The individual defendants then created and caused to be filed five false charges in the Circuit Court of Cook County without probable cause or any other lawful basis, including four counts of resisting arrest and one count of obstructing traffic by a non-motorist.

24.  Each of the four counts of resisting arrest falsely alleged that Plaintiff "resisting the performance of an authorized act within the officer's official capacity and engagement in the execution of his/her official duties, in that while known to the defendant to be a peace officer, pulled away, stiffened his body and flailed his arms in an attempt to defeat an arrest for a violation fo 720 ILCS."

25.  The count alleging obstruction of traffic falsely alleged that Plaintiff "knowingly and unlawfully was, standing in the middle of the street, at passerby's and in vehicles interfering with the movement of traffic causing it to come to a standstill/backup impeding the flow of traffic and passweby's."

26.  The false criminal charges were instituted and sustained by the individual defendants as a result of malice.

27.  On May 31, 2023, certain individual defendants appeared on Counts 1 and 5, but the complaining witnesses for Counts 2, 3, and 4 did not appear. The Court set June 30, 2023 as the final date for the complaining witnesses to appear on Counts 2, 3, and 4.

28.     On June 30, 2023, certain individual defendants appeared on Counts 1, 4, and 5. The complaining witnesses did not appear on Counts 2 and 3.

29.     The individual defendants did not appear as complaining witnesses in Plaintiff's criminal case on Counts 2 and 3 because the charges were baseless and a waste of law enforcement and judicial resources.

30.     On June 30, 2023, as a result, the State of Illinois dismissed Counts 2 and 3, in a manner indicative of Plaintiff's innocence.

31.     On June 30, 2023, Plaintiff demanded trial, and the Court set an August 24, 2023 trial date.

32.     Later on the day of June 30, 2023, the Assistant Cook County State's Attorney assigned to Plaintiff's case viewed the body worn camera footage and immediately agreed to voluntarily dismiss all charges against Plaintiff because the video was inconsistent with the claims in the criminal charges.

33.     On August 24, 2023, all charges against Plaintiff were dismissed in a manner indicative of Plaintiff's arrest.

34.     As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including physical injury, the loss of his freedom during the arrest and prosecution, $7,500 in legal fees, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, medical expenses, loss of the ability to enjoy his regular life, and emotional and psychological distress.

### COUNT I: 42 U.S.C. § 1983 - False Arrest
### Against The Individual Defendants

35.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

36.     The actions of the individual defndants, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other lawful justification, which constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourth Amendment.

37.     Moreoever, because Plaintiff's arrest was motivated by unulawful animas and retaliatory for exercising his First Amendment rights, as alleged above, and was the result of differential treatment without any rational basis in violation of right to Equal Protection, Plaintiff's arrest violated the United States Constitution.

38.     As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer injuries, as alleged in ¶ 34 above.

        WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendants for compensatory damages, against the individual defendants for punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Malicious Prosecution
### Against The Individual Defendants

39. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

40. Plaintiff's prosecution on charges without probable cause and with malice amounted to an unreasonable seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983.

41. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer injuries, as alleged in ¶ 34 above.

        WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, against the individual defendants for punitive damages,

the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Excessive Force
**Against The Individual Defendants**

42. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

43. The defendants used excessive and unreasonable force during Plaintiff's arrest causing Plaintiff to suffer physical injury.

44. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer injuries, as alleged in ¶ 34 above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, against the individual defendants for punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Failure to Intervene
**Against The Individual Defendants**

45. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

46. Each of the individual defendants had a duty and opportunity to intervene to prevent the violations of Plaintiff's constitutional rights but failed to intervene in the misconduct of the other Defendants, violating Plaintiff's constitutional rights.

47. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer injuries, as alleged in ¶ 34 above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, against the individual defendants for punitive damages,

the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT V: 745 ILCS 10/9-102 - Indemnification**
**Against Defendant City of Chicago**

48. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

49. Defendant City of Chicago was the employer of the individual defndants at all times relevant.

50. The individual defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any Defendant be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

**COUNT VI: Malicious Prosecution – Illinois State Law**
**Against Defendants**

51. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

52. By the actions detailed above, the individual defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

53. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that the individual defendants performed the actions complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting within the scope of this employment.

54. As a direct and proximate result of the malicious prosecution, Plaintiff was injured, as alleged in ¶ 34 above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages against the individual defendants, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VII: False Arrest – Illinois State Law
**Against Defendants**

55. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

56. By the actions detailed above, the individual defendants knowingly sought to and did in fact arrest Plaintiff without probable cause or any other lawful basis.

57. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that the individual defendants performed the actions complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting within the scope of this employment.

58. As a direct and proximate result of the false arrest, Plaintiff was injured, as alleged in ¶ 34 above.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages against the individual defendants, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

GLENN DIGGS

By: /s/ Jared S. Kosoglad

One of Plaintiff's Attorneys

Jared S. Kosoglad
JARED S. KOSOGLAD, P.C.
111 N. Wabash #3166
Chicago, IL 60602
Tel: 312-513-6000
E: jared@jaredlaw.com